**Rodriguez v. Rylko**

504

*Norman Perlberger*, for plaintiff.

*Frederick J. Stellato*, for defendant Patrick Rylko, M.D.

*James A. Doherty, Jr.*, for defendant Allister Williams, M.D.

*Noah E. Katz* and *Eugene P. Feeney*, for defendant Barry Pinkus, M.D.

*Patrick C. Carey*, for defendant Abohawariat G. Michael Tesfaye, M.D.

*Michael P. Perry*, for defendant Pocono Medical Center.

WILLIAMSON, *J.*, September 10, 2013—This matter is before the court on the motions for summary judgment of Patricia Rylko, M.D. and Pocono Medical Center (PMC). The matter arises out of an alleged medical malpractice incident involving treatment of Gilbert Rodriguez, who is deceased. Patricia Rylko, M.D. was alleged to be a treating physician of Mr. Rodriguez. None of the co-defendants raised a cross-claim against Dr. Rylko, and at argument, plaintiff's counsel agreed to the dismissal of Dr. Rylko as a party to this matter. Accordingly, we will enter an order dismissing Patricia Rylko, M.D. from this matter.

The remaining issue involves PMC's motion for partial summary judgment alleging that there are no facts to

support a claim for direct liability against it in the treatment of Mr. Rodriguez. Defendant PMC's motion does not address plaintiff's claim of agency/vicarious liability.

PMC argues that plaintiff has not provided expert opinions that support direct negligence claim against PMC. As such, PMC contends the plaintiff cannot recover as a matter of law on a theory of direct liability against PMC. Defendant PMC makes this assertion by referencing that neither of plaintiff's expert reports are critical of the care rendered to plaintiff by PMC or PMC staff while at the hospital. PMC also argued the treating physician at PMC at the time of plaintiff's discharge was not an employee of PMC; rather he was an independent contractor (Dr. Allister Williams). PMC asserts the only negligence occurring at PMC supported by plaintiff's expert reports involved the decision to discharge the plaintiff, and since Dr. Williams was not a PMC employee, there was no direct negligence by PMC.

There are two problems with PMC's arguments. First, other than PMC's answer to plaintiff's amended complaint, where PMC denies Dr. Williams was an agent, apparent and/or ostensible agent, servant or employee of Pocono Medical Center, there is no other proof of the matter asserted. PMC did not attach a deposition transcript, discovery response, or affidavit of a representative of PMC or Dr. Williams as to this issue. This court cannot consider the allegations of the pleadings alone to determine that there are no issues of material fact. There is an allegation made in the amended complaint and denial in the answer, but no other facts of record for this court to consider. Therefore, there remains a factual issue.

It may be that Dr. Williams was not a direct employee, but PMC has failed to set forth this information in its motion in a manner in which this court can conclude there is no issue of material fact. Further, clouding this issue, is PMC's second supplemental brief containing an attachment purporting to be discharge instructions for Mr. Rodriguez. The instructions are on forms baring Pocono Medical Center's name and address. Under "Physician Follow-up" it directs a call to Mountain Valley Orthopedics.

Further down the form, it instructs the patient to call Dr. *Williams* if the patient continues to have pain. It is quite possible to infer Dr. Williams was a PMC treating physician and employee, and that the patient was referred to Mountain Valley Orthopedics for out-patient follow-up care. The form does not indicate that Dr. Williams is an employee of Mountain Valley Orthopedics. The form does not identify Dr. Williams as an independent contractor.

PMC also attached a "Courtesy Note" to it's second supplemental brief. This also appears on a form with Pocono Medical Center's name and address at the top and Dr. William's name at the bottom under "Patient Identification." There is nothing on the form to indicate Dr. Williams is not an employee of PMC. Quite simply, the allegations in a brief and in pleadings are not enough to sustain the burden of proof in a motion for summary judgment. Therefore, until there is testimony, or supporting documentation provided to the court that Dr. Williams is not an employee of PMC, there remains a disputed issue of fact.

PMC also asserts that the plaintiff's expert reports fail to allege any negligent care provided by PMC. PMC

argues that the reports are not critical of the care rendered by PMC or PMC staff and thus no material issue of fact. PMC is mistaken. The report of Bradford A. Slutsky, M.D., attached to PMC's Motion states the following:

"To summarize his perioperative course it appears there has been no documentation of what I would consider the essential postoperative care including vital signs, physical exam, documentation of blood glucoses and assurance that the patient was able to adequately have good oral intake prior to being discharged."

The report further states: "On reviewing the autopsy report it sounds like he was discharged home with possibly having a bilateral pneumonia and aspiration pneumonitis as well as having congestive heart failure. These are all diagnoses that could have been diagnosed with a good physical exam, documentation of vital signs, chest x-ray, possibly an EKG and laboratory results."

The report of Dr. Slutsky appears to be critical of the decision to discharge, *and* of the decision not to perform a good physical exam and other tests while hospitalized. The report makes it clear there were things that could have been diagnosed while Mr. Rodriguez was at PMC. Until facts are set forth as to how the discharge was decided upon, who decided it, and who exactly was responsible for performing a good physical exam and other tests on the plaintiff while hospitalized, this court cannot determine that there are no material facts at issue. Plaintiff has made allegations critical of care by PMC and confirmed by the plaintiff's expert that some care was deficient. It is up to defendant PMC to produce facts to support this motion that neither PMC nor its employees were the responsible

parties. As stated above, PMC has not produced uncontroverted facts as to whether Dr. Williams was an employee or agent. PMC also has not produced facts at this time to show that someone other than PMC employees/ staff were the ones who discharged Mr. Rodriguez too early and/or failed to perform a good physical exam and other tests while hospitalized. These facts may come out at a later time, but they are not clear now. Therefore, defendant PMC's motion for partial summary judgment will be denied at this time.

## ORDER

And now, this 10th day of September, 2013, it is ordered and decreed as follows:

1. Defendant Patricia Rylko's motion for summary judgment is granted. defendant Patricia Rylko, M.D. is dismissed as a party to this suit.

2. Defendant Pocono Medical Center's motion for partial summary judgment is denied.